Taylor, C.J.
It is the province of the Court to pr&> nounce whether the Judge who tried the cause drew the correct legal conclusion from the facts set forth in this! record, which must have been made up from the evidence given in the cause, and stated to the Jury in the sum* ming up. To me it appears very clear, that the statement of facts shews the prisoner to have been guilty of> murder in point of law ; and as the Judge who tried the cause was of that opinion, he was hound to state it to the Jury ; that if he had left it to them, without instruction, to pronounce whether it was murder or manslaughter, he would have departed essentially from the purpose for which he presided over the trial, viz. to cause the law to be duly administered. The reason given for a new trial, viz. “ that the Court is not to pronounce an Opinion whether the prisoner is guilty of murder or manslaughter,” can only be correct, upon ithe supposition that the Court undertakes to pronounce upon the truth or falsehood of the facts given in evidence. But no such complaint is made in the case ; and the supposition is wholly inadmissible. The charge of the Judge appears tó b’afe corresponded with what Lord Vaughan calls the discreet and lawful assistance of a Judge to a Jury, which is to give them an hypothetical direction : Not by previously having their answer to the fact, and then'declaring the law to control their verdict, but to leave their Conduct free, by instructing them how the law is, if they find the facts.—* This is also conformable to the opinion of the best writers’ *236 on criminal law : “ In every case, where the point turn-⅜1*1 upon the question, whether the homicide was committed wilfully and maliciously, or under circumstances justifying, excusing or alleviating; the matter of fact is the proper and only province of the Jury. But whether upon a supposition of the truth of facts, such homicide be justified, excused or alleviated, must be submitted to the Court; for the construction the law putieth upon facts stated and agreed, or found by a Jury, is in this, as its all ether cases, undoubtedly the proper province of the Court.”*
I do not doubt the right of the Jury, affirmed in the first reason, to judge of the law and of the facts’’; but they would often be much at a loss to exercise this right, if they were, not told by the Court how the law is ; And, according to the sentiments of Mr. Justie» Foster, they will, 41 if they are well advised, always find a general, verdict, conformably to such directa,! s.” I take it for granted, as the contrary is not insisted on i- the case, that the Judge proceeded as is usual in other cases ; that he stated to the Jury what the witnesses had testified, and. then told them if they believed the witnesses, the offence established against the prisoner was murder in point of "law; and not manslaughter, or any inferior species of homicide. In this I perfectly concur, and think justice has been done, as far as a Court has any lawful agency in administering the law.
Seawell,
We are all of opinion, that the direct
^.tions of the Judge below, were in accordance with the law arising from the evidence, and that in the manner of delivering them, he neither transcended the act of Assembly, or invaded the province of the Jury ; that,-in short, he confined his charge to the legitimate functions of a Judge, explaining what was the law, if the facts, given in. were true, leaving it to the Jury to determine upon their truth or falsehood.
*237 It has been insisted on for the prisoner, that the Court fhould have slated to the jury, so much of the case from the evidence as would have made it manslaughter, and then informed them, if they disbelieved the other part of the evidence, that then the case would be manslaughter, and not murder. It is true, the Judge might have done so, but in not doing it, surely there was nothing denied the prisoner ; for such a charge would be giving to the State two chances for conviction, whereas according to the course pursued, the Jury were directed to acquit, unless thev believtd all the,, testimony ; and if it was true, no one will doubt the propriety of the verdict : Of this it was the peculiar province of the Jury to judge. They did believe it, and have found accordingly ; and bad the case come up on their finding, we see no possible ground for being dissatisfied with their verdict. The rule for ⅜ new trial, must therefore be discharged-*
JThe prisoner was pardoned by Governor Miller.]

 Foster 255.

 Lowrie, J. DANIEL, J. & RUFFIN, J. concurred in this opinion.